UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GUILLERMO MOLINA-AGUILAR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3599** |
| **UNITED STATES OF AMERICA, ET AL** | **SECTION "N" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Guillermo Molina-Aguilar, filed this lawsuit, pursuant to 42 U.S.C. § 1983, against the United States of America, Assistant Federal Public Defender Roma Kent, Assistant United States Attorney John Murphy, along with A. Martinez and J. Partida, medical personnel at plaintiff's present place of confinement, the Federal Correctional Institute located in Big Spring, Texas. Plaintiff's complaint arises from the flooding of Orleans Parish Prison, where he was incarcerated on August 29, 2005, when much of New Orleans flooded as a result of Hurricane Katrina. Plaintiff alleges that he has suffered a medical injury as a result of the ordeal he suffered following Hurricane Katrina and has not received sufficient medical care for this injury from defendants Martinez and Partida. Plaintiff further claims that, as a result of wrongful action on the part of defendants Kent and Murphy, he was not able to timely seek damages under 42 U.S.C. § 1983 in connection with the ordeal he suffered following Hurricane Katrina.

The undersigned issued an Order on November 3, 2008, advising plaintiff that if he failed to properly serve defendants and file proof of such service in the record on or before December 5, 2008, a report and recommendation that the matter be dismissed would issue.[1] No proof of such service has been filed in the federal record.

Fed.R.Civ.P. Rule 4(m) provides in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, plaintiff had one hundred twenty days in which to effect proper service.  The instant lawsuit was filed on May 22, 2008.[2]  The one hundred twenty day service period expired on September 22, 2008.  Plaintiff failed to effect proper service within this original period or during the now-expired extension granted in this Court's Order of November 3, 2008.  Plaintiff has made no attempt to show good cause for his failure to effect proper service.  In that plaintiff was put on notice that failure to effect proper service within the time allowed could result in dismissal of the action, this Court finds that dismissal is now appropriate.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being

---

[1] Rec. Doc. 4.

[2] At the time it was filed, this matter was assigned to magistrate judge division (4).  On October 31, 2008, the matter was reassigned to the undersigned magistrate judge, division (1).

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventeenth day of December, 2008.

_____<br>
SALLY SHUSHAN<br>
UNITED STATES MAGISTRATE JUDGE